HENDRY, Judge.
Petitioner, plaintiff below, seeks review of an order of the trial court on pending motions.
In February, 1971, petitioner entered into a written employment contract with respondent Lotspeich Company which, along with J. W. Lotspeich, were defendants below. The term of this agreement was from June 1, 1971, to May 31, 1973. Subsequently, on August 14, 1973, a memorandum was signed by respondent J. W. Lotspeich providing for a salary, profit participation, and bonus compensation for petitioner.
Thereafter, a disagreement arose between the parties, and on February 14, 1975, petitioner filed an amended complaint against respondents seeking, inter alia, money damages for breach of the employment contract dated August 14, 1973. Respondents answered and demanded a jury trial. Later, respondents retained new counsel who filed a motion to dismiss the amended complaint on the grounds that the trial court lacked both personal and subject matter jurisdiction and that the amended complaint failed to state a cause of action. This motion along with petitioner’s motion to dismiss respondents’ counterclaim and the prayer in *34 petitioner’s amended complaint to appoint an arbitrator were set for a hearing before the trial court. On July 10, 1975, the trial court entered an order on these pending motions and prayer. From the order, petitioner brings this petition for certiorari.
Petitioner contends that the trial court erred in entering the order which held, inter alia, that the August 14, 1973, memorandum revised the June 1, 1971 to May 31, 1973, employment contract; that the arbitration provision of the earlier contract was binding on the parties; and which appointed an arbitrator to review the controversy and report his findings to the court. Petitioner argues (1) that the order constituted fact finding by the trial court thereby denying him his right to a trial by jury of the issues framed by the amended complaint, answer and exhibits thereto; (2) that the order requires petitioner to arbitrate his dispute with respondents thereby denying him his right to a jury trial on those issues raised by Count I of the amended complaint; and (3) that the trial court’s order is self-contradictory thereby placing him in doubt of his rights and obligations under the order.
Respondents contend (1) that the trial court’s preliminary construction of the written instruments evidencing the employment agreement did not constitute an abuse of discretion by removing from jury fact-finding any genuine issue properly committed to jury decision; (2) that petitioner has shown no violation of the essential requirements of law and no irreparable injury, thus he has not justified certiorari review of the trial court’s interlocutory order; and (3) that petitioner’s claim that the order is self contradictory and confusing overlooks the plain language of the order, and, since the point was not raised in the trial court, is premature in this court.
On certiorari, as on appeal, there is a presumption as to the correctness of the trial court’s rulings, and the burden rests on the petitioner for certiorari to make any error complained about to appear fully. Likewise, the burden is on the petitioner to establish any abuse of discretion by the trial court that is relied upon for quashal of its rulings. See, e. g., Collier v. Homestead, Fla.1955, 81 So.2d 201; Republic of Cuba v. Ritter, Fla.App.1961, 130 So.2d 98, and 5 Fla.Jur., Certiorari § 27.
In our opinion, petitioner has failed to show any grounds for quashal of the order here under review, except as to Paragraphs 3 and 6 thereof appointing an arbitrator and specifying his duties. The trial court has properly determined that the August 14, 1973, memorandum revised the terms of the June 1, 1971, to May 31, 1973, employment contract and, thereby, incorporated the arbitration provisions of Paragraph 13 of the original agreement. Therefore, as provided in Paragraph 13, the trial court should have appointed an arbitrator and directed him to proceed in settling the dispute between the parties according to the applicable rules of the American Arbitration Association.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law and have concluded that no grounds for quashal have been demonstrated, except as to the trial court’s appointment of the arbitrator as set forth above. Therefore, for the reasons stated and upon the .authorities cited, the petition of certiorari is denied, except that part of the trial court’s order appointing an arbitrator and specifying his duties is quashed.
Quashed in part, denied in part.